This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

**v.**                                                                      **No. 35,172**

**BRANDON MATHEWS,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF EDDY COUNTY**
**Raymond L. Romero, District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM

for Appellee

Bennett J. Baur, Chief Public Defender
Becca Salwin, Assistant Appellate Defender
Santa Fe, NM

for Appellant

## MEMORANDUM OPINION

**SUTIN, Judge.**

**{1}** Defendant appeals the revocation of his probation. We issued a notice of proposed summary disposition proposing to affirm, and Defendant has responded with a memorandum in opposition. Having given careful consideration to the arguments made in the memorandum, we continue to conclude that affirmance is warranted. We therefore affirm for the reasons stated in this Opinion and in the notice of proposed summary disposition.

**{2}** The sole issue raised in this appeal is Defendant's contention that he was denied due process and his right of confrontation when the district court admitted into evidence a written statement signed by Defendant, admitting he had violated the conditions of his probation by smoking methamphetamine. In our notice of proposed disposition we proposed to affirm on the following grounds: (1) Defendant's confrontation rights were not violated because the evidence offered against him was his own statement, not that of a different witness, *see State v. Castillo-Sanchez*, 1999-NMCA-085, ¶¶ 22-23, 127 N.M. 540, 984 P.2d 787 (rejecting the defendant's argument that admission of his own statement could violate his right to confront witnesses against him); and (2) the district court did not err in admitting the statement into evidence despite the lack of any testimony concerning the statement's authenticity, because the Rules of Evidence do not apply in probation revocation proceedings, *see* Rule 11-1101(D)(3)(d) NMRA.

**{3}** In response to the notice, Defendant continues to argue that admission of his statement violated his right to confront the witnesses against him, as well as due process. [MIO 2-3] However, he does not address the holding in *Castillo-Sanchez*. In addition, he admits that the Rules of Evidence do not apply to probation revocation proceedings, but contends there must be some indicia of reliability for the evidence that is used to revoke his probation and argues that such indicia were lacking in this case. [MIO 3-4] As we pointed out in the notice, however, the district court examined the signature on the statement and compared it to signatures Defendant had placed on other documents and found they were substantially similar. In addition, no evidence was presented contradicting the State's claim that the statement was signed by Defendant. We continue to believe these facts provided the sufficient indicia of reliability that Defendant claims were lacking. Therefore, for the reasons stated in the notice as well as here, we are not convinced by Defendant's arguments.

**{4}** Based on the foregoing, we affirm the order revoking Defendant's probation.

**{5}** **IT IS SO ORDERED.**

_____
**JONATHAN B. SUTIN, Judge**

**WE CONCUR:**

_____
**JAMES J. WECHSLER, Judge**


_____
**TIMOTHY L. GARCIA, Judge**